Deverie J. Christensen, Bar No. 6596
christensend@jacksonlewis.com
Marcus B. Smith, Bar No. 12098
marcus.smith@jacksonlewis.com
**JACKSON LEWIS LLP**
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendants, Bernard Broker,
Gary Jay Birkahn, Deanne Stoney, and
Las Vegas Convention and Visitors Authority*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD E. EMEL,<br><br>           Plaintiff,<br><br>     v.<br><br>BERNARD BROKER, an individual; GARY JAY BIRKAHN, an individual; DEANNE STONEY, an individual; LAS VEGAS CONVENTION AND VISITORS AUTHORITY, a public entity; and DOES 1 through 5,<br><br>           Defendants. | Case No. 2:12-cv-01658-GMN-NJK<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS** |

Defendants Bernard Broker, Gary Jay Birkahn, and Deanne Stoney (collectively referred to as the "Individual Defendants"), and Defendant Las Vegas Convention and Visitors Authority ("LVCVA"), hereby move to dismiss all of Plaintiff Richard E. Emel's claims, with exception to his claim under Title II of the Americans with Disabilities Act ("ADA") against Defendant LVCVA, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

. . .

. . .

. . .

This motion is based on the attached memorandum of points and authorities, Plaintiff's Complaint, and any oral argument ordered by the Court.

Dated this 7th day of February, 2013.

JACKSON LEWIS LLP

/s/ Deverie J. Christensen
Deverie J. Christensen, Bar No. 6596
Marcus B. Smith, Bar No. 12098
3800 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The issues raised in this motion are straightforward: federal and state law clearly provides that all of the claims raised by Plaintiff, with exception to his Title II ADA claim against LVCVA, either do not apply to the Defendants or are barred as a matter of law. Plaintiff's Title III ADA claim is entirely inapplicable to the Defendants because Title III applies only to private entities and the LVCVA is not a private entity—it is, as Plaintiff admits in his Complaint, a public entity; thus Title II applies.  Plaintiff's Title II ADA claim against the Individual Defendants fails because individuals are not liable under Title II of the ADA. His claim under 42 U.S.C. § 1983, which is based solely on an alleged violation of Title II of the ADA, has been expressly foreclosed by the Ninth Circuit because Title II of the ADA is the exclusive remedy by which Plaintiff may vindicate the alleged Title II violations. Finally, Plaintiff's state law claims are barred because the Defendants are immune from such claims under Nevada law. Of all the claims asserted by Plaintiff in his Complaint, the only claim the law permits Plaintiff to bring is his claim against the LVCVA under Title II of the ADA. Though Defendants completely deny

the allegations in that claim, they appear sufficiently pled, at the dismissal stage, to proceed. The rest of the claims, however, must be dismissed as a matter of law.

## II.     BACKGROUND

This is a civil rights action. Plaintiff alleges the LVCVA and three of its employees violated his rights during a visit to the Las Vegas Convention Center on February 28, 2011.[1] Plaintiff asserts the following allegations in support of his claims. Plaintiff attended a trade show at the Las Vegas Convention Center without incident on February 27, 2011, (Compl. ¶ 13), but when he returned the following day he was approached by LVCVA security officers, Bernard Broker and Gary Birkahn, at the direction of Deanna Stoney, an LVCVA customer services manager (Compl. ¶ 14). Plaintiff alleges Officers Broker and Birkahn asked if his dog was a service animal. (Compl. ¶¶ 15-16). Plaintiff responded "yes" and stated that he had the right to bring his service animal into the Convention Center. (*Id.*). The officers then asked Plaintiff to provide written proof of his disability and the status of his dog as a service animal, including a request for a "doctor's note," "paperwork," or other "identification for the dog," such as a "harness." (*Id.*).

Plaintiff continued walking toward the entrance of the Convention Center as the security officers requested information, and began telling him that he could not take his dog into the building and would be arrested for trespassing. (Compl. ¶ 17). Plaintiff then said to the officers, "Fuck you. Call the Police," as he walked around their Segways and continued toward the entrance of the Convention Center. (Compl. ¶ 18). Allegedly, he attempted to call 911 on his cell phone but Officer Broker drove a Segway over Plaintiff's foot, at which time he "shouted, 'You

---

[1]     As the official destination marketing organization of Las Vegas, the LVCVA promotes tourism, conventions, meetings and special events, as well as ongoing advocacy to extend the city's influence as a leader in tourism and hospitality, and it operates the Las Vegas Convention Center. The Individual Defendants, Stoney, Birkhan, and Broker, are employees of the LVCVA; however, they are not Board Members, Executives, or senior members of management with any policymaking and decision making authority.

Mother Fucking Asshole! You ran over my foot!!!'." (Compl. ¶ 19). Thereafter, Officer Broker purportedly dismounted the Segway and "chest-bumped" Plaintiff several times. (Compl. ¶ 20). The officers then detained Plaintiff, placed him in handcuffs, and separated him from his dog, who remained with a friend that was accompanying Plaintiff to the Convention Center. (Compl. ¶¶ 21, 23). Plaintiff requested he be handcuffed in front of his body because of an existing lower back injury, but the officers refused. (Compl. ¶ 23).

The officers then took Plaintiff to the LVCVA's Security Office and held him there until two officers from the Las Vegas Metropolitan Police Department ("Metro") arrived shortly after. (Compl. ¶¶ 23-24). The Metro Officers removed the handcuffs, interviewed Plaintiff, and issued him a citation for trespassing and battery against Officer Broker. (Compl. ¶¶ 24, 27). Plaintiff in turn signed a citation against Officer Broker for battery, and was then released from custody. (Compl. ¶ 27). Plaintiff sought treatment for a sprained foot, counseling, and also Emel's dog, Kole, was euthanized allegedly in part as a result of the distress caused by the encounter. (Compl. ¶¶ 30-31, 34). In March 2012, Plaintiff was charged for trespass and battery in Las Vegas Justice Court, but the charges were later dismissed by the District Attorney on the eve of trial. (Compl. ¶ 33).

Plaintiff then filed a lawsuit against the LVCVA, Officers Broker and Birkahn, and customer services manager Deanna Stoney, asserting the following claims: (1) Americans with Disabilities Act ("ADA") Violation – Against all Defendants; (2) § 1983 Violation – Against All Defendants; (3) NRS 41.1395 – Against all Defendants; (4) False Arrest – Against all Defendants; (5) Battery NRS 200.400 – Against Officer Broker; and (6) Intentional Infliction of Emotional Distress – Against all Defendants. For the reasons discussed below, Defendants ask the Court to dismiss all of Plaintiff's claims with exception to the Title II ADA claim against the LVCVA.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

IV.     ARGUMENT

      **A.     Plaintiff's Claim Under Title III Of The ADA Must Be Dismissed In Its Entirety Because Title III Does Not Apply To The Defendants**

Plaintiff improperly attempts to pursue a claim under Title III of the ADA, alleging that Title III applies to the LVCVA because it operates a "commercial facility." (Comp. ¶ 40). However, a "commercial facility" is defined under Title III as a facility "intended for nonresidential use by a *private entity*," 28 C.F.R. § 36.104 (emphasis added), and the LVCVA is not a private entity—it is, as Plaintiff admits in his Complaint, (Compl. ¶ 5), a public entity.[2] Therefore, Plaintiff's attempt to pursue claims under both Title II of the ADA, which applies to public entities (such as the LVCVA), *Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1160 (9th Cir. 2011), and Title III of the ADA, which applies to private entities, *id.*, is completely improper. As such, Plaintiff's Title III claim must be dismissed in its entirety.

      **B.     Plaintiff's Claim Under Title II Of The ADA Must Be Dismissed As It Pertains To The Individual Defendants Because Individuals Cannot Be Sued Under Title II**

There is no cause of action against individuals under Title II of the ADA. *See D.K. v. Solano County Office of Educ.*, No. 2:08-cv-00534-MCE-DAD, U.S. Dist. LEXIS 97585, *10 (E. D. Cal. Dec. 2, 2008) (citing <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002).[3] Title II of the ADA prohibits a "public entity" from discriminating against an individual based on his or her disability. 42 USC §12132. Title II defines "public entity" as "any State or local government" or "any department, agency, special purposes district, or other instrumentality of a State of States or

---

[2]     The LVCVA is a political subdivision of the state that established by state law.

[3]     The Court in *D.K. v. Solano County Office of Educ.*, relies on *Vinson v. Thomas* for the proposition that individuals cannot be sued under Title II of the ADA. However, a careful examination of *Vinson* reveals that it holds and stands for the proposition that the remedial scheme of Title II forecloses claims brought under § 1983. *Vinson*, 288 F.3d at 1156. However, as demonstrated by the other cases cited in this analysis, the Court in *D.K. v. Solano County Office of Educ.*, nevertheless reached the correct decision in holding that individuals cannot be sued under Title II of the ADA even though its reliance on *Vinson* for that point was mistaken.

local government." 42 USC §12131(1)(A)-(B).  However, as explained in *Williams v. Hayman*, 657 F. Supp. 2d 488, 502 (D. N. J. 2008), the term "public entity" does not include individuals. *See also Sindram v Merriwether*, 506 F. Supp. 2d 7, 11 (D.C. Col. 2007) (holding that, based on precedent across many circuits, it is "abundantly clear" that Title II "does not provide for individual capacity suits"); *Sagan v Sumner County Bd. of Educ.*, 726 F. Supp. 2d 868, 876 (M.D. Tenn. 2010) (holding that individual-capacity claims under Title II must be dismissed with prejudice and citing several circuit court decisions for that proposition).[4]  Here, Plaintiff has sued the LVCVA's employees only as individuals. (Compl. ¶¶ 2, 3, 4).  Accordingly, Plaintiff's Title II claim against the Individual Defendants should be dismissed because a plaintiff cannot bring an action against individuals under Title II of the ADA.

Moreover, Title II's remedies provision does not provide for a cause of action against individuals.  Title II's remedies provision, 42 U.S.C. § 12133, incorporates (for its source of remedies) the remedies provision of the Rehabilitation Act, which, in turn, states that a plaintiff's remedies are "set forth in" 42 U.S.C. § 2000e-16 and 42 U.S.C. § 2000d et seq., both of which are elements of the Civil Rights Act of 1964.  The remedies "set forth" in § 2000e-16, however, are available only where the defendant is a "head of department, agency, or unit" sued in his official capacity. *Mays v. U.S.P.S.*, 928 F. Supp. 1552, 1568 (M.D. Ala. 1996) (citing § 2000e-16(c)). In other words, § 2000e-16 allows for no remedy against a defendant being sued as an individual and, as such, neither does Title II. *Key v. Grayson*, 163 F. Supp. 2d 697, 704 (E.D. Mich. 2001). For these reasons, Plaintiff's Title II claim against the individuals must be dismissed.

### C. Plaintiff's Section 1983 Claim Must Be Dismissed Because It Is Foreclosed By Title II Of The ADA

A plaintiff may pursue a claim under 42 U.S.C. §1983 if a person acting under color of state law engages in conduct that deprives the plaintiff of a federal statutory right. *Sandoval v. Las Vegas Metropolitan Police Department*, 854 F. Supp. 2d 860, 871 (Dist. Nev. 2012), *citing Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).  However, there are some federal

---

[4]   The Court in *Williams* discussed other cases, including circuit court cases, that held Title II does not authorize suits against individuals. *Williams*, 657 F. Supp. 2d at 502.

statutes on which a plaintiff may not predicate his or her § 1983 claim. One such statute is Title II of the ADA. Indeed, the Ninth Circuit has expressly and repeatedly held that Title II of the ADA forecloses, or bars, §1983 claims. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012). Specifically, the Ninth Circuit has held that "the specificity and comprehensiveness of [Title II's] remedies suggested that Congress intended the Title II remedial scheme to be the exclusive means by which a party could vindicate his Title II ADA rights, and that allowing the plaintiff to use the more general §1983 remedial scheme instead would be contrary to Congress's intent." *Okwu*, 682 F.3d at 844. In other words, the courts are "not free to interpret § 1983 in a way that provides a substitute remedy that Congress never provided." *Id*. at 846. Here, Plaintiff's Complaint expressly states that the sole basis for his §1983 claim is the violation of his ADA Title II rights. (Compl. ¶ 46). Thus, Plaintiff's claim is entirely and solely based on the alleged ADA Title II violations. Accordingly, because the Ninth Circuit has held that such claims are foreclosed by Title II of the ADA, Plaintiff's § 1983 claim must be dismissed in its entirety. *See Vinson*, 288 F.3d at 1156; *Okwu*, 682 F.3d at 844.[5]

### D. Plaintiff's State Law Claims Should Be Dismissed Because Defendants Are Immune From Such Claims

Plaintiff asserts state law claims against all of the Defendants for violation of NRS 41.1395 (which prohibits abuse or neglect of vulnerable persons), false imprisonment, and intentional infliction of emotional distress. He also asserts a claim for battery against Defendant Broker. However, Plaintiff's state law claims must be dismissed because the Defendants are immune from suit under NRS 41.031 and NRS 41.032. NRS 41.031(1) authorizes suits against political subdivisions of the State of Nevada (such as LVCVA) and their employees but only in limited circumstances. A suit is not authorized where an action is brought against a political subdivision and its employees, "[b]ased upon the exercise or performance or the failure to

---

[5] Moreover, even if Title II does not bar Plaintiff's §1983 claim (and it does), Plaintiff's § 1983 claim still fails as to the LCVVA for lack of an offending policy or custom, and as to the Individual Defendants because they are entitled to qualified immunity under § 1983.

exercise or perform a discretionary function of duty on the part of the State or . . . political subdivisions or any . . . employee . . . whether or not the discretion involved is abused." NRS 41.032(2) (emphasis added).

Here, Defendants Stoney, Broker and Birkahn were performing discretionary functions by engaging in independent judgment, inquiry and determination as to whether Plaintiff and his dog were legally permitted to enter the LVCVA's public facilities to access the public programs offered at the Convention Center. They exercised discretion by identifying Emel and his dog, (Compl. ¶ 14), questioning whether the dog was permitted to enter the Convention Center, (Compl. ¶¶ 15, 16), deciding whether to warn Plaintiff of trespass, (Compl. ¶ 17), and when deciding to arrest, handcuff, and detain Plaintiff (Compl. ¶¶ 21, 23, 24). The fact that the Individual Defendants may have "abused" their discretion by requesting documentation of Emel's dog's status as a service animal is not relevant. "In analyzing discretionary-function immunity, a court does not ask whether the official abused his or her discretion, but only whether the acts concerned a matter in which the official had discretion." *See* NRS 41.032(2); *Sandoval v. Las Vegas Metropolitan Police Department*, 854 F. Supp. 2d at 880.

Accordingly, immunity applies and Emel cannot pursue any state law claims against the LVCVA and Individual Defendants based on the events of February 28, 2011, at the Convention Center. Further, for example, courts have concluded that law enforcement officers are "generally afforded discretionary-function immunity in conducting an investigation and effectuating an arrest so long as the officer does not violate a mandatory directive in doing so." *Sandoval v. Las Vegas Metropolitan Police Department*, 854 F. Supp. 2d at 880-881. The Nevada Supreme Court also has found that law enforcement officers exercise discretion through deliberation, decision and judgment when arresting and handcuffing a person suspected of committing a crime. *Maturi v. Las Vegas Metropolitan Police Department*, 110 Nev. 307, 309-310 (1994).[6]

. . .

. . .

---

[6] For the Court's edification, the LVCVA Officers are not average private security guards. They are uniformed, fully armed and equipped similar to Metro officers, and most are retired police officers.

**V.  CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety, with the exception of his claim against the LVCVA under Title II of the ADA.

Dated this 7th day of February, 2013.

                              JACKSON LEWIS LLP

                              /s/ Deverie J. Christensen
                              Deverie J. Christensen, Bar No. 6596
                              Marcus B. Smith, Bar No. 12098
                              3800 Howard Hughes Parkway
                              Suite 600
                              Las Vegas, Nevada 89169

                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee Jackson Lewis LLP and that on this 7th day of February, 2013, I caused to be sent via ECF filing, a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY** properly addressed to the following:

Travis N. Barrick
Gallian Welker & Beckstrom, L.C.
540 E. St. Louis Ave.
Las Vegas, Nevada 89104

James W. Claflin, Jr.
Claflin Law Ltd.
3753 Howard Hughes Pkwy., Ste. 200
Las Vegas, NV 89169

Attorneys for Plaintiff

/s/ Rae J. Christakos
Employee of Jackson Lewis LLP